**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | **Chapter 13 Plan** |
| Gibson, Gaynor | Dated    December 11, 2014 |
| **DEBTOR(S)**<br>In a joint case, debtor<br>means debtors in this plan | Case No._____ |

**1. DEBTOR'S PAYMENTS TO TRUSTEE-**
    a. As of the date of the plan, the debtor has paid the Trustee $_____.
    b. After the date of this plan, the debtor will pay the trustee $ 735/885 per month for 30/30 months, beginning within 30 days after the order for relief for a total of $ 48600.
    Minimum plan length is 36 months from the date of the initial plan payment unless all allowed claims are paid in less time.
    c. The debtor will also pay the trustee_____.
    d. The debtor will pay the trustee a total of $ 48600.

**2. PAYMENTS BY TRUSTEE** - The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ 4860.00.

**3. ADEQUATE PROTECTION PAYMENTS** - The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property according to the following schedule, beginning in month one (1).

| *Creditor* | *Monthly payment* | *Number of months* | *Total Payments* |
|---|---|---|---|
| a. | 0.00 | 0 | 0.00 |
| b. | 0.00 | 0 | 0.00 |
| c. | 0.00 | 0 | 0.00 |
| d. | 0.00 | 0 | 0.00 |
| | | Total $ | 0.00 |

**4. EXECUTORY CONRACTS & UNEXPIRED LEASES [§365]** -The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

| *Creditor* | *Description of Claim* |
|---|---|
| a. | |
| b. | |

**5. CLAIMS NOT IN DEFAULT -** Payments on the following claims are current, & the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

| *Creditor* | *Description of Claim* |
|---|---|
| a. | |
| b. | |
| c. | |
| d. | |

**6. HOME MORTGAGES IN DEFAULT [§1322(b)(5) & §1322(e)]** - The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain their liens.

*All following entries are estimates.*    The trustee will pay the actual amounts of default.

| CREDITOR | AMOUNT OF DEFAULT | MONTHLY PAYMENT | BEGINNING IN MONTH # | NUMBER OF PAYMENTS | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. NationStar Mortgage | $ 7142.00 | $ 422 | 5 | 17 | $ 7142.00 |
| b. | $ | $ | | | $ |
| c. | $ | $ | | | $ |
| TOTAL | | | | | $ 7142.00 |

**7. CLAIMS IN DEFAULT [§1322(B)(3) & 5 & §1322(E)]** - The trustee will cure defaults on the following claims as set forth below. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.    *All following entries are estimates except for interest rate.*

| *Creditor* | *Amount of Default* | *Int Rate (if applicable)* | *Monthly Payment* | *Beginning in Month #* | *Number of Payments* | *Total Payments* |
|---|---|---|---|---|---|---|
| a. | $ | $ | | | | $ |
| b. | $ | $ | | | | $ |
| c. | $ | $ | | | | $ |
| TOTAL | | | | | | $ |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§.1325(a)(5)].** The trustee will pay the following allowed secured claims the amount set forth in the "Total Payments" column below. Creditors will retain liens securing the allowed secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. S. 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| Creditor | Claim Amount | Secured Claim | % Int Rate | Begin Month # | (Monthly Payment) | X (No. pmts) | = Payments on account of claim | + (Adequate protection from P. 3) | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| a. Internal Revenue Service | 26277.00 | 7486.00 | 3 | 5 | 239.00 | 33 | 7887.00 | | 7887.00 |
| b. | | | | | | | | | |
| c. | | | | | | | | | |
| d. | | | | | | | | | |
| e. | | | | | | | | | |
| f. | | | | | | | | | |
| g. TOTAL | | | | | | | | | 7887.00 |

9. **PRIORITY CLAIMS** - The trustee shall pay in full all claims entitled to priority under sec. 507, including the following. The amounts listed are estimates only. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. Attorney Fees | $ 2240.00 | $ 661 | 1 | 4 | $ 2240.00 |
| b. Domestic Support | $ | $ | | | $ |
| c. Internal Revenue Service | $ 19791.00 | $ Pro rata | | | $ 19791.00 |
| d. Minn. Dept. of Revenue | $ 4155.00 | $ Pro rata | | | $ 4155.00 |
| e. Postpetition IRS | $ 2500.00 | $ Pro rata | | | $ 2500.00 |
| f. TOTAL | | | | | $ 28686.00 |

10. **SEPARATE CLASS OF UNSECURED CREDITORS**-In addition to the class of unsecured creditors specified in paragraph 11, there shall be a separate class of nonpriority unsecured creditors described as follows:

The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| Creditor | Claim Amount | Secured Claim | % Int Rate | Begin Month # |
|---|---|---|---|---|
| a. | | | | |
| b. | | | | |

11. **TIMELY FILED UNSECURED CREDITORS**-The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under paragraphs 2, 3, 5, 6, 7 and 8 their pro rata share of approximately $ 25.00 [line1(d) minus lines 2, 3(c), 5(d) and 8(b)].
   a. The debtor estimates that the total unsecured claims held by creditors listed in paragraph 8 are  $ 18,791
   b. The debtor estimates that the total unsecured claims (excluding those in paragraphs 8 & 10 are  $ 97,095
   c. Total estimated unsecured claims are  $ 115,886  [line 9(a) plus line 9(b)].

12. **TARDILY-FILED UNSECURED CREDITORS**-All money paid by the debtor to the trustee under paragraph 1, but not distributed by the trustee under paragraphs 2, 3, 4, 6, 7, 8 ,9, 10, or 11 shall be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

13. **OTHER PROVISIONS** - To the extent that Child Support is an unsecured claim for AFDC reimbursement, it shall be designated a separate class and paid in full. Please note: Child Support collections is authorized to continue automatic wage withholding for ongoing, post-petition child support. Child Support Collections may obtain, modify & enforce the debtor's current ongoing child support obligation, including medical support & child care, including wage withholding.
   -If a foreclosure occurs on debtor's real estate during the term of the Chapter 13 Plan, the debtor(s) shall cease making mortgage payments pursuant to Paragraph 5 and/or 6 of the Plan, and any remaining deficiencies on all mortgages secured by the property foreclosed shall be treated and discharged as general unsecured claims under the Plan.
   Claims filed as secured but for which the plan makes no express provixion shall be paid as unsecured set forth in Paragraph 11
   - The debtor(s) shall be entitled to the first $1200 for an individual chapter 13 debtor and $2,000 for married chapter 13 debtors of each year's tax refunds.
   The balance shall be paid to the trustee as an additional plan payment. Any Earned Income Credit and Minnesota Working Family Credits shall be retained by the debtor(s). The debtors shall keep these credits in addition to the $1200, or $2,000.
   - Pursuant to 11 USC § 1305(a)(1), claims for postpetition income taxes for the year in which the case was filed are to be included in the plan.
   -If the plan provides for payment of an obligation by a 3rd party or co-debtor, and a default occurs, any resulting claim shall be treated and discharged as a general unsecured claim.
   -Secured creditors are authorized to and shall continue to send the debtor(s) billing statements unless the Plan provides for the surrender of their collateral.

**13. OTHER PROVISIONS - (continued)**
- The trustee may distribute additional sums not expressly provided at the trustee's discretion.
- This plan does not release creditors from their ongoing duty to correct and update information with consumer reporting agencies as required by Section 623 of the Fair Credit Reporting Act. Secured creditors shall continue to report all payments receiv
- on account of secured claims to consumer reporting agencies.

The plan payment steps up when the non-filing spouse's vehicle loan with American Credit Acceptance is paid in full.

**14. CLAIMS held by BANK OF AMERICA, and WINDOM PONDS PATIO HOMES ASSOCIATION, INC.; UNDER 11 USC SECTION 506**
The debtor's residential property located at 6886 Newbury Knoll, Woodbury, MN 55125, and legally described as LOT 12, BLOCK 3, WYNDHAM PONDS 2ND ADDITION, CIC NO. 199, WASHINGTON COUNTY, MINNESOTA, is encumbered by a first mortgage held by Nationstar Mortgage, LLC; a second mortgage held by Bank of American ("first junior lienholder"); and a lien held by WIndom Ponds Pation Homes Association, Inc., ( "second junior lienholder"). The debtor shall file a motion pursuant to 11 U.S.C. sec.506 and Local Rule 3012-1 for determination that the first and second junior lienholder' 'claims in this case are unsecured in their entirety. If the motion is granted, the chapter 13 trustee shall treat any timely claim filed by the first junior lienholder and second junior lienholder as unsecured claims.

**14. SUMMARY OF PAYMENTS - ESTIMATED**

| | |
|---|---|
| Trustee's fee [Line2] | $ 4,860.00 |
| Home Mortgage Defaults [Line 6(d)] | $ 7,142.00 |
| Claims in Default [Line 7(d)] | |
| Other Secured Claims [Line 8(g)] | $ 7,887.00 |
| Priority Claims [Line 9(f)] | $ 28,686.00 |
| Separate Class [Line 10(c)] | |
| Unsecured Creditors [Line 11] | $ 25.00 |
| TOTAL [Must equal Line 1(d)] | $ 48,600.00 |

Walker & Walker Law Offices, PLLC.
Curtis K. Walker, #0113906
Mary C. Hoben, #0335411
Andrew C. Walker #0392525
Michael A. Stephani, #0390262
4356 Nicollet Avenue South
Minneapolis, MN 55409
(612) 824-4357

Signed: /S/ Gaynor Gibson
Debtor

Signed: /S/
Joint Debtor